UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JHONY GERMAN,

                *Petitioner*,

v.

ANTHONY BLINKEN,

                *Respondent*.

**ORDER**

21 Civ. 4318 (ER)

RAMOS, D.J.

    Pro se petitioner Jhony German initiated this mandamus action on May 13, 2021. Doc. 1. The Court held a telephonic pre-motion conference on December 3, 2021, at which German was present. At this conference, the Court granted respondent leave to file a motion to dismiss by December 22, 2021. The Court informed German that his response would be due January 19, 2021.

    On December 22, 2021, Respondent Anthony Blinken filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim. Doc. 13. The motion was served on German on December 23, 2021. Doc. 16. German did not respond by January 19, 2021 deadline, so the Court issued an order on March 11, 2022 directing German to submit a response by April 8, 2022. Doc. 20. The Court warned that failure to do so might "result in adverse action, including dismissal for failure to prosecute." *Id.* German did not respond by the April 8, 2022 deadline, the Court issued a second order on April 19, 2022 directing German to submit a response by May 19, 2022 and warning that failure to do so would result in adverse action, including dismissal for failure to prosecute. Doc. 21. As of this date, German has not responded or otherwise participated in this action. For

the reasons set forth below, the Court now dismisses German's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

I. **Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

II. **Discussion**

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, German has not communicated with the Court since the conference held on December 3, 2021. A delay of over six months is an adequate basis for dismissal under Rule 41(b). *See, e.g.*, *Cole v. Edwards*, No. 4 Civ. 1936 (PKC) (JCF), 2005 WL 873226, at *2 (S.D.N.Y. Apr. 8, 2005).

*Second*, German was given clear notice that failure to respond to Court orders could result in dismissal. The Court twice warned German that failure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute. Docs. 20, 21. The orders were mailed to the address on file for German and were not returned by the Postal Service.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210. Because German has failed to advance his case for the last six months, the Court perceives no circumstances rebutting this presumption.

*Fourth*, German has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because German has ignored two Court orders and delayed this case for several months, there are no lesser sanctions that could remedy his failure to prosecute this case. Dismissal is appropriate where, as here, German "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses German's case with prejudice. The Clerk of Court is respectfully directed to terminate the pending motion, Doc. 13, to close the case, and to mail a copy of this order to German.

It is SO ORDERED.

Dated: May 31, 2022
       New York, New York

                                                      Edgardo Ramos, U.S.D.J.